# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### DECEMBER SESSION, 1997

FILED

February 9, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 03C01-9612-CC-00446 |
| | ) | |
| Appellee, | ) | BLOUNT COUNTY |
| | ) | HON. D. KELLY THOMAS, JR., JUDGE |
| V. | ) | GREENE COUNTY |
| | ) | HON. JAMES E. BECKNER, JUDGE |
| JAMES ROBERT LOVINGOOD, | ) | |
| | ) | (Theft under $500.00; Theft over $500.00) |
| Appellant. | ) | (Cases Consolidated for Appeal) |

FOR THE APPELLANT:

**MACK GARNER**
District Public Defender
419 High Street
Maryville, TN  37804

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**PETER M. COUGHLAN**
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN  37243

**MICHAEL L. FLYNN**
District Attorney General for Blount Co.

**EDWARD P. BAILEY, JR.**
Assistant District Attorney General
363 Court Street
Maryville, TN  37804

**GREG W. EICHELMAN**
District Attorney General for Greene Co.

**ERIC D. CHRISTIANSEN**
Assistant District Attorney General
NationsBank Building
Greeneville, TN  37743

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Defendant, James Robert Lovingood, pled guilty to twelve counts of theft of various grades and one count of alteration of a manufacturer's serial number in the Circuit Court of Blount County. By agreement, he was to receive a ten (10) year sentence with the manner of service to be determined by the trial court. The trial court ordered Defendant to serve the sentence in the Department of Correction. Defendant also pled guilty to one count of theft over ten thousand dollars ($10,000.00) in the Greene County Circuit Court. The agreed sentence in that case was ten (10) years to run concurrent with the sentence for the Blount County convictions. The State and the Defendant had previously agreed that the Blount County trial court's determination as to the manner of service of Defendant's sentence would also determine the manner of service of Defendant's sentence in Greene County. Therefore, the trial court in Greene County ordered the ten (10) year sentence for the theft to be served in the Department of Correction. The Defendant appealed the sentencing orders of both courts as of right regarding the manner of service of his sentences, and his motion to consolidate the appeals was granted by this court. The Defendant argues that the trial courts erred in denying him placement into the Community Corrections Program and requiring him to serve his sentence in the Department of Correction. We affirm the judgments of the trial courts.

When an accused challenges the length, range or the manner of service of a sentence, this court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct.

Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

In conducting a de novo review of a sentence, this court must consider: (a) the evidence, if any, received at trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement that the defendant made on his own behalf; and (g) the potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. § 40-35-102, -103, and -210; see State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and made findings of fact adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

At the sentencing hearing in Blount County, the Defendant testified on his own behalf. He was thirty-seven (37) years old and lived in East Knoxville. At that time, Defendant was doing contract work for a real estate firm in Alcoa. In 1983, Defendant started using the narcotic Dilaudid. To support his drug habit, Defendant committed many crimes, including burglary, possession of burglary

tools and writing worthless checks, for which he received a sentence of ten (10) years in Blount County. Defendant served one (1) year in jail, then served the remainder of the sentence on probation. He admitted that during his probationary period he used Dilaudid and had to go through drug treatment at Peninsula Lighthouse. Defendant moved to Chattanooga in 1989, but when he returned to the Blount County area in 1994 he again became involved with Dilaudid. His drug habit became so expensive that he returned to a group of individuals he knew were transporting stolen merchandise to Greene County. Defendant's role in the crime ring was to steal and to transport stolen farm equipment from Knox County to Greene County, for which he received a cash commission. This continued to occur over a period of three (3) to four (4) months. As a result, Defendant also had the charges pending in Greene County. While there were numerous charges against Defendant, he admitted that there were more items stolen than he had been charged with and these stolen items had not been recovered by the police.

The Defendant again went into drug rehabilitation treatment in October 1995. He was continuing to attend an outpatient program for intensive group therapy as well as Alcoholics Anonymous each week. While he was not earning much money, Defendant stated that he would be willing to make restitution payments. At the time of the sentencing hearing, Defendant was enrolled in a real estate school and was planning to obtain his real estate license. The Defendant submitted various letters of recommendation on his behalf, from various friends and employers. In addition, his current employer testified in support of the Defendant.

The Community Corrections Act allows certain eligible offenders to participate in community-based alternatives to incarceration. Tenn. Code Ann. § 40-36-103. A defendant must first be a suitable candidate for alternative sentencing. If so, a defendant is then eligible for participation in a community corrections program if he also satisfies several minimum eligibility criteria set forth at Tennessee Code Annotated section 40-36-106(a).

However, even though an offender meets the requirements of eligibility, the Act does not provide that the offender is automatically entitled to such relief. State v. Grandberry, 803 S.W.2d 706, 707 (Tenn. Crim. App. 1990); State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987). Rather, the statute provides that the criteria shall be interpreted as a minimum standard to guide a trial court's determination of whether that offender is eligible for community corrections. Tenn. Code Ann. § 40-36-106(d).

Based upon the evidence and the record, the trial court found that Defendant was eligible for the Community Corrections program for his ten (10) year sentence, but determined that he was not a suitable candidate. The trial court based its decision that Defendant was "to be given first priority regarding [a] sentence involving incarceration because [Defendant] clearly ha[s] a criminal history that shows a disregard for the laws and morals of society and failures of past effort at rehabilitation." The trial court found that confinement was necessary to avoid depreciating the seriousness of the offense and was particularly suited to provide an effective deterrent.

Furthermore, the trial court found that Community Corrections was not appropriate due to the "sheer magnitude of the number of cases and the seriousness of the cases involved when [Defendant was] 24 and involved now." Trial court noted that there were over twenty (20) serious felonies which involved two (2) different counties at the time Defendant was twenty-four (24) years old, and now there are ten (10) serious felonies pending in Blount, Knox, and Greene counties. When speaking to the numerosity of the charges, the trial court noted that

> You know, it's not just breaking the law. It's doing it to a degree that spans county lines, involves thousands and thousands of dollars worth of money. And I don't think the considerations about the Community Corrections Program and the likelihood of your rehabilitation, your attitude about how you went back into drug usage, weigh that against the danger of your committing more crimes and the magnitude of your criminal involvement over the years, it just doesn't weigh out in your favor. I'm sorry, but this is a record that you've amassed and this is what you've done. And I think the only appropriate sentence is the ten-year sentence as agreed and serving that sentence in the Department of Corrections.

Defendant argues that since the trial court found the Defendant to be eligible for placement in the Community Corrections program, then it erred in relying on the sheer number of Defendant's crimes and his poor amenability to rehabilitation in denying Community Corrections. Defendant infers that if he is eligible for Community Corrections, then he is guaranteed to be placed in that program. In State v. Cummings, 868 S.W.2d 661, 668 (Tenn. Crim. App. 1992), the court held that "mere eligibility, of course, does not end the inquiry" in determining whether Community Corrections is an appropriate sentence for a defendant. Rather, the court is obliged to consider the defendant's criminal history and his potential for rehabilitation or treatment. Id., *citing* State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). Recently, a panel of this court, in a *de novo* review of an alternative sentencing issue, was guided by the appellant's

considerable potential for rehabilitation, unblemished criminal record and remorse for unlawful conduct in determining whether the appellant was a proper candidate for the Community Corrections program. State v. Millsaps, 920 S.W.2d 267, 272 (Tenn. Crim. App. 1995).

Upon our *de novo* review, we conclude that the trial court was correct in its findings and that the Defendant should serve a ten (10) year sentence in the Department of Correction. While eligible for Community Corrections under the terms of Tennessee Code Annotated section 40-36-106, the eligibility criteria are the minimum standards. The trial court properly considered the Defendant's extensive criminal history, including the series of thefts spanning four (4) months and several counties in 1995 to support his drug habit. While Defendant has attempted to overcome his addiction to Diluadid, these most recent crimes are reminiscent of his past behavior. In 1983, the Defendant was addicted to Diluadid and committed several crimes in order to support his drug habit, including forgery, possession of burglary tools, concealing stolen property and second degree burglary. Furthermore, Defendant had over twenty (20) convictions for writing worthless checks. Defendant admitted during his testimony at the sentencing hearing that he used drugs during his probation for the 1983 offenses.

By his own admission, Defendant has a recurring drug problem. The trial court considered this problem in finding that he was unsuitable for the Community Corrections program. Defendant's potential for rehabilitation is obviously lacking. And while Defendant may have expressed some remorse for his conduct at the sentencing hearing, he stated that he was not being prosecuted for many

additional thefts which he committed. While the Defendant would have us to compare his suitability for Community Corrections as akin to the determinations in Cummings and Millsaps, the Defendant in the case sub judice has committed many more crimes than the defendant in Cummings and has an extensive criminal record unlike the defendant in Millsaps.

The trial court was within its discretion in finding Defendant unsuitable for Community Corrections, and we affirm the judgments of the trial courts.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
DAVID H. WELLES, Judge

_____
DAVID G. HAYES, Judge